# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# CENTRAL DIVISION
# AT LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>V.<br><br>JUAN ANTONIO JASSO-TORRES,<br>    Defendant. | CRIMINAL NO. 5:18-101-KKC<br><br><br>**OPINION AND ORDER** |

**\*\*\* \*\*\* \*\*\***

This matter is before the Court on the motion to dismiss (DE 11) filed by defendant Juan Antonio Jasso-Torres (Jasso). For the following reasons, the motion is denied.

Jasso is charged with illegally reentering this country after having been previously deported in violation of 8 U.S.C. § 1326(a). He moves to dismiss the charge arguing that the removal order that required his prior deportation did not comport with due process.

Jasso argues in his motion that he was discovered in this country by immigration authorities on January 12, 2011 and was given a document titled "notice to appear" (NTA) stating he was subject to removal for being a noncitizen present in the United States. He asserts that the NTA stated his immigration hearing would be in Memphis, Tennessee but did not state the date or time of the hearing. He asserts that an immigration judge later ordered him to be removed and that immigration authorities later discovered him in Kentucky, which led to the indictment in this case.

Jasso argues that he was denied due process because he did not have notice of the date or time of the immigration hearing leading to the removal order. "Fifth Amendment guarantees of due process extend to aliens in deportation proceedings, entitling them to a

full and fair hearing." *Huicochea–Gomez v. INS*, 237 F.3d 696, 699 (6th Cir. 2001). A defendant charged with unlawful reentry may challenge the validity of his deportation order. *United States v. Estrada*, 876 F.3d 885, 887 (6th Cir. 2017), *cert. denied*, 138 S. Ct. 2623 (2018). To do so, however, he must demonstrate: "(1) [he] exhausted any administrative remedies that may have been available to seek relief against the order; (2) the deportation proceedings at which the order was issued improperly deprived [him] of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair." 8 U.S.C. § 1326(d). *Id.*

Jasso argues that the entry of the removal order was fundamentally unfair because the immigration judge lacked jurisdiction to enter it. He points out that federal regulations provide that jurisdiction vests in the immigration judge only upon the filing of the NTA with the Immigration Court. *See* 8 C.F.R. § 1003.14(a). Federal law requires that the NTA specify various information about the hearing including the time and place it will be held. 8 U.S.C. § 1229(a)(1)(G). The Supreme Court has recently held that a "putative notice to appear that fails to designate the specific time or place of the noncitizen's removal proceedings is not a notice to appear under section 1229(a)." *Pereira v. Sessions*, 138 S. Ct. 2105, 2113–14 (2018) (internal quotations and citation omitted). Jasso attaches to his motion a January 12, 2011 NTA that states only that a hearing will be conducted before an immigration judge at a "date to be set" and a "time to be set."

The United States, however, submits a second notice from the Immigration Court, dated February 16, 2011, which was directed at Jasso and notified him that the hearing before the Immigration Court would take place August 29, 2011 (DE 16-2). That hearing took place as scheduled. Jasso appeared and was represented by counsel (DE 16-3, 16-5). After the hearing, a third notice was sent to Jasso stating a second hearing date was set for April

16, 2012. (DE 16-4). That hearing also took place as scheduled with Jasso again represented by counsel (DE 16-5). After the hearing, the immigration judge ordered Jasso to depart the United States by July 16, 2012 (DE 16-5).

Accordingly, Jasso received notice of the time and date of the two hearings before the Immigration Court. The fact that the government provided him that information "in two documents-rather than one-did not deprive the IJ of jurisdiction to initiate removal proceedings." *Dababneh v. Gonzales*, 471 F.3d 806, 809 (7th Cir. 2006). "DHS frequently serves NTAs where there is no immediate access to docketing information. In those circumstances, DHS may indicate in the NTA that it will give the alien subsequent notice of the precise time and place of the hearing once it files the NTA with the appropriate immigration court. See 8 C.F.R. § 1003.18." *Id*.

For all these reasons, the Court hereby ORDERS that Jasso's motion to dismiss (DE 11) is DENIED.

Dated December 4, 2018.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY